UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GARLAND RAY GREGORY, JR., | 4:26-CV-04103-ECS |
| Petitioner, | |
| vs. | ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |
| STATE OF SOUTH DAKOTA, | |
| Respondent. | |

Petitioner, Garland Ray Gregory, Jr., an inmate at Mike Durfee State Prison, filed a pro se petition. Doc. 1. Although Gregory references the All Writs Act in his petition, id. at 2, Magistrate Judge Veronica L. Duffy determined that his petition is actually a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 5. Magistrate Judge Duffy issued a report and recommendation recommending Gregory's petition be dismissed. Id. Gregory filed objections to the report and recommendation and at the same time filed a notice of interlocutory appeal, appealing the report and recommendation. Docs. 7, 8. Gregory moves for leave to appeal in forma pauperis. Doc. 9.

The United States Court of Appeals for the Eighth Circuit historically has looked to district courts to rule on in forma pauperis motions for appeal and has held that the filing-fee provisions of the Prison Litigation Reform Act do not apply to habeas corpus actions. Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001) (per curiam). To determine whether a habeas petitioner qualifies for in forma pauperis status, the Court need only assess (1) whether the

petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith."  28 U.S.C. § 1915(a)(1), (3).

Pursuant to Federal Rule of Appellate Procedure Rule 24(a)(3), Gregory "moves the Court for permission to proceed on appeal in forma pauperis without further authorization" because he was "permitted to proceed in forma pauperis in the District court action"  Doc. 9 at 1. Gregory is incorrect; he was not permitted to proceed in forma pauperis at the district court level. Doc. 6.  Accordingly, this Court must determine whether he should be permitted leave to proceed in forma pauperis on appeal.

Gregory's prisoner trust account report indicates that he has insufficient funds to pay the $605 appellate filing fee.  See Doc. 3.  But Gregory's appeal is not taken in good faith.  In Smith v. Young, the court found that an appeal was not taken in good faith when the § 2254 petitioner "did not wait for the district court to rule on the report and recommendation" before filing a notice of appeal, and "[t]herefore, his appeal at this time is inappropriate."  No. 5:17-CV-05011-KES, 2017 U.S. Dist. LEXIS 45363, at *2 (D.S.D. Mar. 28, 2017).  Likewise, Gregory's appeal is not proper at this time while the report and recommendation and objections are still pending and, thus, is not taken in good faith.  Accordingly, it is

ORDERED that Gregory's Motion for Leave to Proceed In Forma Pauperis on Appeal, Doc. 9, is denied.

Dated this 25th day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

2